**Daniel FUENTES–SAMBULA,**
**Petitioner,**

v.

**Peter D. KEISLER \*, Respondent.**

**No. 06–4640–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2007.

Daniel Fuentes–Sambula, Uniontown, AL, pro se.

R. Alexander Goring, Attorney, Office of Immigration Litigation, Civil Division,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

United States Department of Justice, Washington, D.C., for respondent.

Present JOSÉ A. CABRANES, ROBERT A. KATZMANN, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Daniel Fuentes–Sambula, a native and citizen of Honduras, seeks review of a September 8, 2006 decision of the Board of Immigration Appeals ("BIA") affirming the May 8, 2006 decision by Immigration Judge ("IJ") Alan Vomacka that denied petitioner's application for cancellation of removal and overturning the IJ's grant of voluntary departure to petitioner. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Petitioner entered the United States as a "visitor in transit" on or about July 28, 1994. He has four children (three of whom are United States citizens) who live with their mother. On December 31, 2004, petitioner was arrested and charged with seven criminal offenses related to an alleged attempt to rape his minor daughter. He pleaded guilty and was convicted in the Supreme Court of the State of New York, Bronx County, of the felony charge of Endangering the Welfare of a Child, N.Y. Penal Law § 260.10(1). Petitioner was charged with removability in January 2006. In March 2006, he applied for cancellation of removal, and appeared before the IJ in May 2006.

During his removal hearing, petitioner testified that, in addition to the felony conviction, he had been arrested for the offenses of riding the bus without paying the fare and drinking in public. The IJ found that the petitioner was removable pursuant to 8 U.S.C. § 1227(a)(1)(B), and he denied petitioner's application for can-

cellation of removal, concluding that petitioner's removal would not result in extreme hardship to his family. However, after establishing that petitioner sought the alternative relief of voluntary departure, the IJ granted petitioner voluntary departure, pursuant to 8 U.S.C. § 1229c, after concluding that petitioner's convictions would count as "petty offense[s]" for the purposes of determining eligibility for voluntary departure. The Department of Homeland Security appealed the grant of voluntary departure. On appeal to the BIA, petitioner asserted for the first time that he was eligible for temporary protected status ("TPS") as a citizen of Honduras, pursuant to 8 U.S.C. § 1254a, a claim he had not raised before the IJ. In September 2006, the BIA affirmed the IJ's cancellation of removal and reversed the IJ's grant of voluntary departure, concluding that petitioner did not warrant voluntary departure because of the nature and circumstances of his conviction for endangering the welfare of his daughter. *In re Daniel Fuentes–Sambula*, No. A94 386 873 (BIA Sept. 8, 2006). The BIA did not address petitioner's TPS claims. In October 2006, petitioner filed a timely petition for review with our Court.

■ Petitioner argues that the IJ and BIA erred in failing to cancel his removal. Because the IJ decision to deny petitioner's request for cancellation of removal rests on discretionary grounds, under the REAL ID Act, codified in 8 U.S.C. § 1252, we lack jurisdiction to review the BIA's decision. *See, e.g., Noble v. Keisler*, 505 F.3d 73, 77–78 (2d Cir.2007) ("BIA's conclusion regarding Noble's section 212(c) application was discretionary and, therefore, beyond our jurisdiction."); *Barco–Sandoval v. Gonzales*, 496 F.3d 132, 133 (2d Cir.2007) ("[W]e lack jurisdiction to review 'discretionary determinations concerning whether to grant cancellation of

removal.' ") (quoting *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006)).

Notably, petitioner does not raise the BIA's reversal of the IJ's grant of voluntary departure in his petition before us.

 Finally, petitioner claims he is eligible for TPS as a citizen of Honduras. We lack jurisdiction to address this claim as well. A claim for TPS must be raised through the immigration administrative process before we can consider it. The INA provides that federal courts may review a final order of removal only if the "alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). To fully exhaust his administrative remedies, a petitioner must present the issue on appeal to the BIA, which generally follows after petitioner has raised it before the IJ in the first place. Petitioner raised his TPS claim for the first time in his appeal to the BIA; he did not raise it before the IJ. We have held that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006). However, the BIA may not engage in fact-finding, other than taking administrative notice of commonly known facts. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye,* 446 F.3d at 296. The question of whether petitioner qualifies for TPS would be an issue of fact, which is most appropriately determined in the first instance by the IJ. The BIA was under no obligation to consider the new claim, which would have required a remand to the IJ. *See id.* ("Although [8 C.F.R. § 1003.1(d)(3)(iv)] suggests that the BIA has *sua sponte* power to remand a case when further factfinding is needed, this authority is entirely discretionary."). Because the BIA did not address petitioner's claims for TPS and adjustment of status, and was under no obligation to do so, the issue has not been exhausted in the administrative process, and we lack jurisdiction to review these claims for relief.

### *Conclusion*

For the reasons stated above, Fuentes–Sambula's petition for review is **DISMISSED** for want of jurisdiction.